**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JACOB BURNO, | : | |
| | : | |
| Plaintiff, | : | Civil No. 07-4863 (FSH) |
| | : | |
| v. | : | |
| | : | |
| KENNETH KOLICH, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES**:

      JACOB BURNO, #173942/C-5-E, Plaintiff <u>pro se</u>
      Hudson County Correctional Center
      35 Hackensack Avenue
      Kearny, New Jersey  07032

**HOCHBERG**, District Judge

      Plaintiff Jacob Burno, a pretrial detainee who is confined at the Hudson County

Correctional Center, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.[1]

The Court (1) grants the application to proceed <u>in forma pauperis</u>; (2) directs the Clerk to file the

Amended Complaints; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the agency

having custody of Plaintiff to deduct an initial partial filing fee from Plaintiff's prison account,

and to forward it to the Clerk, when funds exist; and (5) directs the agency having custody of

---

[1] By Order filed October 11, 2007, this Court administratively terminated this action on the ground that the original pleading was devoid of facts and therefore failed to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and informed Plaintiff that the case would be reopened if Plaintiff submitted a legally adequate complaint to the Clerk within 30 days of the date of the entry of the Order.  Plaintiff thereafter submitted three almost identical Amended Complaints, with each Amended Complaint naming one of three homicide detectives.  This Court reopened the file by Order filed November 26, 2007.

Plaintiff to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915.  Having thoroughly reviewed Plaintiff's allegations, the Court will dismiss federal claims raised in the Amended Complaints for failure to state a claim upon which relief may be granted, decline to exercise supplemental jurisdiction over claims arising under state law and deny Plaintiff's application for *pro bono* counsel as moot.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.  BACKGROUND

In three Amended Complaints, Plaintiff asserts violations of his constitutional rights against three homicide detectives employed by the Hudson County Prosecutor, i.e., Sgt. Kenneth Kolich, Detective Angel Pastrana, and Detective Scott Jeffery.  Plaintiff asserts the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007) (citing Markowitz v. Northeast Land Co., 906 F. 2d 100, 103 (3d Cir. 1990)).  He asserts that on December 20, 2005, Sgt. Kenneth Kolich, Det. Angel Pastrana and Det. Scott Jeffery interrogated him at the homicide headquarters located in Jersey City, New Jersey.  Plaintiff alleges that, although he invoked his right to remain silent more than once, the officers disregarded his constitutional rights and he made an incriminating statement.  Plaintiff further alleges that "[he] had a Miranda Hearing and was denied based on the Judge's decision.  An appeal has been put in and I have not received the results from the appeal." (Am. Complaints, ¶ 5.).  Plaintiff seeks compensation for violation of his constitutional rights. (Id. ¶ 7.)

2

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"A document filed pro se is to be liberally construed, and a  pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, __ U.S. __, __, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972).   "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson, 127 S. Ct. at 2200 (citations and internal quotation marks omitted).  As the Court of Appeals recently explained, although "there are reasonable inferences apart from [a constitutional violation] that could be drawn from the complaint . . . the fact that such inferences may be drawn is proof that the dismissal was premature.  The appellants have met their obligation to provide grounds for their entitlement to relief by presenting factual allegations sufficient to raise their right to relief above a speculative level."  Stevenson v. Carroll, 495 F. 3d at 65-67.

3

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).  However, a court should not dismiss a complaint with prejudice for failure to state a claim without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress, except that in any
> action brought against a judicial officer for an act or omission
> taken in such officer's judicial capacity, injunctive relief shall not
> be granted unless a declaratory decree was violated or declaratory
> relief was unavailable.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person

deprived him or caused him to be deprived of a right secured by the Constitution or laws of the

United States, and (2) the deprivation was done under color of state law.  See West v. Atkins,

487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v.

Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

"When evaluating a claim brought under § 1983, we must first 'identify the exact

contours of the underlying right said to have been violated' in order to determine 'whether

[plaintiff] has alleged a deprivation of a constitutional right at all."  Natale v. Camden County

Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis,

523 U.S. 833, 841 n.5 (1998)).  If so, the Court determines whether the defendant can be held

liable for that violation.  Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261,

275 (3d Cir. 2000).

Plaintiff asserts that Defendants violated his rights by obtaining an incriminating

statement from him in violation of his right to remain silent guaranteed by Miranda v. Arizona,

384 U.S. 436 (1966).  This Court liberally construes the Complaint as raising potential claims

under 42 U.S.C. § 1983 for violation of the Self-Incrimination Clause of the Fifth Amendment and substantive due process under the Fourteenth Amendment.

The Fifth Amendment, applicable to the States through the Fourteenth Amendment, Malloy v. Hogan, 378 U.S. 1 (1964), requires that "[n]o person ... shall be compelled in any criminal case to be a witness against himself."  U.S. Const. amend. V.  The Supreme Court's decision in Miranda v. Arizona, 384 U.S. 436 (1966), prohibits the government from using "statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination."  Id. at 444.  Miranda requires that, prior to a custodial interrogation, police must warn a person that he has a right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be provided.  Id. at 479.

The problem with Plaintiff's Self-Incrimination Clause claim is that questioning a person in custody after he invokes his Miranda rights is not a basis for a § 1983 claim unless and until the incriminating statement is used in a criminal trial.  See Renda v. King, 347 F.3d 550, 557-58 (3d Cir. 2003); see also Chavez v. Martinez, 538 U.S. 760, 767 (2003) (it is not until the use of a defendant's statements in a criminal case that a violation of the Self-Incrimination Clause occurs) (plurality opinion); James v. York County Police Dep't, 160 Fed. Appx. 126 (3d Cir. 2005); Giuffre v. Bissell, 31 F. 3d 1241 (3d Cir. 1994).  Although the trial judge denied a suppression motion, Plaintiff asserts that this ruling is on appeal.  Moreover, nothing asserted in the Amended Complaints indicates that Plaintiff's criminal trial has begun or that the statement was used against him during his criminal trial.  See Renda, 347 F. 3d at 559 ("our prior decision in Giuffre

compels the conclusion that it is the use of coerced statements during a criminal trial . . . that violates the Constitution").  Because it is use of Plaintiff's statement against him during his criminal trial, and not a pretrial ruling (which is on appeal) denying a motion to suppress, that violates the Self Incrimination Clause, this Court will dismiss the Self Incrimination claim.

     To be sure, substantive due process protects Plaintiff from outrageous police conduct during an interrogation.  See Chavez v. Martinez, 538 U.S. at 779-80 (plurality opinion).  "[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful governmental actions regardless of the fairness of the procedures used to implement them."  Foucha v. Louisiana, 504 U.S. 71, 80 (1992).  Where abusive action by the executive branch is alleged, as in this case, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense."  County of Sacramento v. Lewis, 523 U.S. 833 (1998).  "To generate liability, executive action must be so ill-conceived or malicious that it 'shocks the conscience.'"  Miller v. City of Philadelphia, 174 F.3d 368, 375 (3d Cir. 1999) (quoting Rochin v. California, 342 U.S. 165, 172-73 (1952)).  This Court finds that Plaintiff's substantive due process claim fails, however, because the police conduct described in the Amended Complaints does not rise to the conscience-shocking level.  This Court will therefore dismiss the federal claims raised in the Amended Complaints for failure to state a claim upon which relief may be granted and deny Plaintiff's application for appointment of counsel as moot.[2]

---

[2] To the extent that Plaintiff seeks to assert claims arising under state law, the Court declines to exercise supplemental jurisdiction over these claims because all federal claims over which the Court has original jurisdiction are being dismissed.  See 8 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 383 F.2d 1277, 1284-5 (3d Cir. 1993).

**IV.  CONCLUSION**

The Court grants Plaintiff's application to proceed in forma pauperis, dismisses the federal claims asserted in the Amended Complaints, declines to exercise supplemental jurisdiction over claims arising under state law, and denies the application for *pro bono* counsel.


  /s/ Faith S. Hochberg
**UNITED STATES DISTRICT JUDGE**

Dated:  February 4, 2008

8